IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HUMBERTO GARZA | § | |
| | § | |
| v. | § | C.A. NO. C-10-033 |
| | § | |
| FEDERAL BUREAU OF PRISONS, ET AL. | § | |

## OPINION GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. (D.E. 1, at 1-2). On January 27, 2010, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the length of time he is scheduled to serve in a Residential Re-entry Center ("RRC"), which was determined by the Federal Bureau of Prisons ("BOP"). Id. Pending is Respondents' motion for summary judgment, which claims Petitioner failed to exhaust his administrative remedies and attacks the merits of his claims. (D.E. 19). Petitioner has not filed a response.[1] For the reasons stated herein, Respondents' motion is hereby GRANTED for failure to exhaust administrative remedies.

### I. JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6). Furthermore, after consent by the parties, (D.E. 13, 17), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 20); see also 28 U.S.C. § 636(c).

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

## II. BACKGROUND

Petitioner was arrested on December 30, 2006 on charges of possession with intent to distribute marijuana. (D.E. 1, at 2-3). On October 1, 2007, he was sentenced in United States District Court for the Southern District of Texas to fifty-two months of imprisonment and four years of supervised release. Id. at 3; (D.E. 19, at 1).

On May 29, 2009, he was informed that he would be placed in an RRC on April 13, 2010 to serve approximately the last six months of his sentence. (D.E. 1, at 3). That period was later reduced to three months, and he signed an RRC placement agreement on October 11, 2009. Id. During the first week of November 2009, and again on November 16, 2009, he submitted requests to Mr. Phelps, the camp administrator, petitioning that his RRC placement be extended back to six months so that he could assist his family as a provider and care-giver. Id. at 3, Ex. 1, Ex. 1A. The camp administrator denied Petitioner's request, so he sought the same relief from the prison warden through a Form BP-9 complaint filed on December 21, 2009. Id. at 4, Ex. 2. The Form BP-9 complaint was denied on January 6, 2010, and he sought no further administrative remedies. Id. at 4, Ex. 3.

## III. DISCUSSION

Petitioner claims BOP acted in contradiction to the Second Chance Act of 2007 when it set his RRC placement at ninety days, and when it categorically denied his request for a twelve-month placement. (D.E. 1, at 1-2). Respondents seek dismissal of the petition on the grounds that Petitioner's claim is unexhausted and without merit. (D.E. 19).

A.      **The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-

49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Petitioner Failed To Exhaust His Administrative Remedies.**

The Fifth Circuit has held that before a federal prisoner may file a § 2241 petition for habeas corpus, he "must first exhaust his administrative remedies through the [BOP]." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990)). Failure to exhaust those remedies properly can lead to dismissal of a § 2241 petition. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Courts may excuse the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Id. A petitioner must demonstrate "extraordinary circumstances that would warrant a waiver of the exhaustion requirement." Mayberry v. Pettiford, 74 F. App'x 299, 299 (5th Cir. 2003) (per curiam) (unpublished) (citing Fuller, 11 F.3d at 62).

The BOP uses a three-level administrative remedy process by which prisoners can seek review of any aspect of incarceration. See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures). First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed. See 28 C.F.R. § 542.14. If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a

Form BP-9 complaint with the warden within twenty days of the incident.  28 C.F.R. § 542.14.  If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form BP-10.  28 C.F.R. § 542.15(a).  If he is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11 to the General Counsel within thirty days.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.  These deadlines may be extended when the inmate demonstrates a valid reason for delay.  Id.

     Petitioner admits that he did not exhaust his administrative remedies, but claims that the exhaustion requirement should be excused in his situation.  (D.E. 1, at 4).  He argues that the administrative process would have been futile because BOP applies an "inflexible and capricious policy concerning inmate RRC placement," and that his individual situation would have been denied because of that policy.  Id. at 6.  Importantly, Petitioner attacks the futility of BOP's alleged placement policy, and not the administrative remedy process.  Whether BOP has such a policy, the administrative system is an entirely different mechanism, the availability or futility of which is not determined by some alleged policy regarding RRC placements.  Indeed, the fact that he filed a Form BP-9 complaint establishes that the process was readily available to him, and the denial he received sixteen days later further establishes that the process was working efficiently, even if it did not produce his desired result.  Furthermore, two additional levels of review awaited Petitioner beyond the Form BP-9 complaint, but he can now only speculate as to their results.  Therefore, Petitioner has failed to show that the administrative remedies available to him were futile, or that any extraordinary circumstances existed that would excuse the exhaustion requirement.

## IV.  CONCLUSION

Based on the foregoing, Respondents' motion for summary judgment, (D.E. 19), is granted based on Petitioner's failure to exhaust his administrative remedies.  Accordingly, the petition is dismissed without prejudice.

ORDERED this 2nd day of July 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE